## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

VIRGINIA BRYANT,

   Plaintiff,

v.

TRUE AUTO, LLC

   Defendant.

Case No. 1:18-cv-00334

## **COMPLAINT**

NOW COMES, the Plaintiff, VIRGINIA BRYANT, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, TRUE AUTO, LLC, as follows:

## **NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## **JURISDICTION AND VENUE**

2. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in this judicial district.

## **PARTIES**

4. VIRGINIA BRYANT ("Bryant") is a natural person, who at all times relevant was, a resident of Fort Wayne, Indiana and a citizen of the State of Indiana.

5. Bryant is a "person" as defined by 47 U.S.C. § 153(39).

1

6. TRUE AUTO, LLC ("True Auto") is a limited liability company organized and existing under the laws of the State of Texas, having a principal place of business at 801 West Cannon Street, Fort Worth, Texas 76104-3147. True Auto owns, operates and maintains a website at http://www.trueautoprotection.com

7. True Auto is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Bryant was the sole operator, possessor, and subscriber of the number ending in 3884.

9. At all times relevant, Bryant's number ending in 3884 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Bryant was financially responsible for her cellular telephone equipment and services.

11. In or before January 2018, Bryant became subject to True Auto's unsolicited relentless phone sales campaign.

12. Upon information and belief, True Auto obtained Bryant's cellular telephone number ending in 3884 through skip tracing.

13. Each time Bryant answered, she was received by a pause, click and dead air before being connected to a sales agent.

14. On multiple and numerous occasions, Bryant told True Auto she did not own the vehicle any longer, before asking them to stop calling.

15. Notwithstanding, True Auto continued to place daily calls to Bryant in an attempt to sell extended warranty service.

16. On multiple and numerous occasions, True Auto informed Bryant that they will stop calling; however, True Auto continued (and continues) to call Bryant.

17. All in all, True Auto placed no less than 250 unconsented-to solicitation calls to Bryant despite her multiple and numerous requests that they stop calling.

18. Upon information and belief, True Auto's solicitation efforts included the use of an artificial or prerecorded voice.

## DAMAGES

19. True Auto's collection calls have severely disrupted Bryant's everyday life and overall well-being.

20. True Auto's collection calls have resulted in intrusion and occupation of Bryant's cellular services, thus impeding receipt of other calls.

21. True Auto's collection calls have resulted in unnecessary depletion of Bryant's cellular battery requiring him to incur electricity charges to recharge her cellular telephone.

22. True Auto's telephone harassment campaign and illegal collection activities have caused Bryant actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Bryant's cellular telephone capacity, wasting Bryant's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. True Auto placed or caused to be placed no less than 250 non-emergency calls, including but not limited to the aforementioned solicitation calls, to Bryant's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Bryant's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

26. Upon information and belief, based on the lack of prompt human response, True Auto employed an ATDS to place calls to Bryant's cellular telephone.

27. Upon information and belief, the ATDS employed by True Auto transfers the call to a live representative once a human voice is detected, hence the clear pause.

28. Upon information and belief, True Auto acted through its agents, employees, and/or representatives at all times relevant.

29. As a result of True Auto violations of 47 U.S.C. §227 (b)(1)(A)(iii). Bryant is entitled to receive $500.00 in damages for each violation.

30. As a result of True Auto's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Bryant is entitled to receive up to $1,500.00 in treble damages for each violation.

4

WHEREFORE, Bryant requests the following relief:

A. find that True Auto violated 47 U.S.C. § 227 *et seq.*;

B. enjoin True Auto from placing any further calls to Bryant's cellular telephone number ending in 3884 in the future;

C. award statutory damages of at least $500.00, and treble damages of up to $1,500.00, for each and every violation; and

D. grant any other relief deemed appropriate and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

October 17, 2018                                             Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Virginia Bryant*